UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KRIS A. URBAN,

                Plaintiff,                      Case No. 2:20-cv-13034
                                                District Judge David M. Lawson

v.                                             Magistrate Judge Anthony P. Patti

COMMISSIONER OF
SOCIAL SECURITY
ADMINISTRATION,

                Defendant.

_____/

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION TO DENY
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (ECF No. 15),
GRANT DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (ECF
No. 17) and AFFIRM THE COMMISSIONER'S DECISION**

**I.**     **RECOMMENDATION**:  For the reasons that follow, it is

**RECOMMENDED** that the Court **DENY** Plaintiff's motion for summary

judgment (ECF No. 15), **GRANT** Defendant's motion for summary judgment

(ECF No. 17), and **AFFIRM** the Commissioner's decision.

**II.**     **REPORT**

        Plaintiff Kris A. Urban brings this action under 42 U.S.C. § 405(g) and 42

U.S.C. § 1383(c)(3) for review of a final decision of the Commissioner of Social

Security (Commissioner) denying his applications for Disability Insurance (DI)

benefits and Supplemental Security Income (SSI).  This matter is before the United

States Magistrate Judge for a Report and Recommendation on Plaintiff's motion

for summary judgment (ECF No. 15), the Commissioner's cross-motion for

summary judgment (ECF No. 17), and the administrative record (ECF No. 11).

### A.    Background and Administrative History

In his February 2018 applications for disability insurance benefits (DIB) and

SSI, Plaintiff alleges his disability began on August 14, 2015, at the age of 50.

(ECF No. 11, PageID.283, 287.)  In his disability report, he lists vision and

multiple sclerosis as limiting his ability to work.  (ECF No. 11, PageID.316.)  His

applications were denied on March 26, 2018.  (ECF No. 11, PageID.160, 162.)

Plaintiff requested a hearing by an Administrative Law Judge (ALJ).  (ECF

No. 11, PageID.191-193.)  On May 29, 2019, ALJ Patricia Kendall held an initial

hearing at which Plaintiff was granted a continuance to obtain counsel.  (ECF No.

11, PageID.129-137.)  Then, on February 20, 2020, ALJ Cynthia M. Bretthauer

held a hearing, at which Plaintiff, still unrepresented by counsel, and a vocational

expert (VE), Manda Armstrong, testified.  (ECF No. 11, PageID.90-125.)  ALJ

Bretthauer issued her opinion on April 8, 2020, which determined that Plaintiff

was not disabled within the meaning of the Social Security Act.  (ECF No. 11,

PageID.58-78.)

Plaintiff submitted a request for review of the hearing decision/order.  (ECF

No. 11, PageID.280-282.)  However, on October 8, 2020, the Appeals Council

denied Plaintiff's request for review.  (ECF No. 11, PageID.52-57.)  Thus, ALJ

Bretthauer's decision became the Commissioner's final decision.

Plaintiff timely commenced the instant action on November 13, 2020.  (ECF

No. 1.)

### B.    Plaintiff's Medical History

The administrative record contains approximately 1,035 pages of medical

records, which were available to the ALJ at the time of her April 8, 2020 decision.

(ECF No. 11, PageID.453-1488 [Exhibits 1F-21F].)  These materials will be

discussed in detail, as necessary, below.

### C.    The Administrative Decision

Pursuant to 20 C.F.R. § 404.1520(a)(4); 416.920(a)(4), at **Step 1** of the

sequential evaluation process, the ALJ found that Plaintiff had engaged in

substantial gainful activity since his alleged onset date of August 14, 2015, both

from May 2016 until September 2016, and May 2017 until June 2017.  (ECF No.

11, PageID.64.)  However, the ALJ determined that there had "been a continuous

12-month period(s) during which [Plaintiff] did not engage in substantial gainful

activity," and addressed those periods in the rest of her findings.  (ECF No. 11,

PageID.64.)  At **Step 2**, the ALJ found that Plaintiff had the following severe

impairments: multiple sclerosis and lumbar spine stenosis.  (ECF No. 11,

PageID.64-65.)  At **Step 3**, the ALJ found Plaintiff did not have an impairment or

3

combination of impairments that met or medically equaled the severity of one of

the listed impairments.  (ECF No. 11, PageID.65.)  **Between Steps 3 and 4** of the

sequential process, the ALJ evaluated Plaintiff's residual functional capacity

(RFC)[1] and determined that Plaintiff had the RFC:

> to perform light work . . . except: he can occasionally stoop, crawl,
> crouch, kneel, balance, and climb ramps and stairs; he can never climb
> ladders, ropes or scaffolds; he can frequently but not constantly finger
> with the left non-dominant hand; and he should avoid concentrated
> exposure to unprotected heights, moving and hazardous machinery,
> extreme heat, and vibration.

(ECF No. 11, PageID.65-71.)  At **Step 4**, the ALJ determined that Plaintiff was

unable to perform any past relevant work.  (ECF No. 11, PageID.71.)  At **Step 5**,

considering Plaintiff's age, education, work experience, and RFC, the ALJ

determined that there were jobs that existed in significant numbers in the national

economy that Plaintiff could perform, such as cashier, marker, and

housekeeper/cleaner.  (ECF No. 11, PageID.71-72.)  The ALJ therefore concluded

that Plaintiff had not been under a disability, as defined in the Social Security Act,

since August 14, 2015.  (ECF No. 11, PageID.72-73.)

### D.    Standard of Review

---

[1] The claimant's "residual functional capacity" is an assessment of the most the
claimant can do in a work setting despite his or her physical or mental limitations.
20 C.F.R. §§ 404.1545(a), 416.945(a); *Howard v. Comm'r of Soc. Sec.*, 276 F.3d
235, 239 (6th Cir. 2002).

The District Court has jurisdiction to review the Commissioner's final administrative decision pursuant to 42 U.S.C. § 405(g). When reviewing a case under the Social Security Act, the Court "must affirm the Commissioner's decision if it 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); *see also* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."). Under this standard, "[s]ubstantial evidence is defined as 'more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rogers*, 486 F.3d at 241 (quoting *Cutlip v. Sec'y of Health and Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)). In deciding whether substantial evidence supports the ALJ's decision, the Court does "not try the case de novo, resolve conflicts in evidence, or decide questions of credibility." *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007); *Rogers*, 486 F.3d at 247 ("It is of course for the ALJ, and not the reviewing court, to evaluate the credibility of witnesses, including that of the claimant.").

Although the substantial evidence standard is deferential, it is not trivial. The Court must "'take into account whatever in the record fairly detracts from [the] weight'" of the Commissioner's decision. *TNS, Inc. v. NLRB*, 296 F.3d 384,

5

395 (6th Cir. 2002) (quoting *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 487

(1951)).   Nevertheless, "if substantial evidence supports the ALJ's decision, this

Court defers to that finding 'even if there is substantial evidence in the record that

would have supported an opposite conclusion.'"   *Blakley v. Comm'r of Soc. Sec.*,

581 F.3d 399, 406 (6th Cir. 2009) (quoting *Key v. Callahan*, 109 F.3d 270, 273

(6th Cir. 1997)).   Finally, even if the ALJ's decision meets the substantial evidence

standard, "'a decision of the Commissioner will not be upheld where the SSA fails

to follow its own regulations and where that error prejudices a claimant on the

merits or deprives the claimant of a substantial right.'"   *Rabbers*, 582 F.3d at 651

(quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)).

### E.     Analysis

Plaintiff argues that the ALJ's decision is not supported by substantial

evidence because she failed to consider all of his medically determinable

impairments and symptoms in the RFC assessment.   (ECF No. 15, PageID.1503-

1509.)[2]   In so doing, he asserts that the ALJ omitted crucial limitations established

by the record, including weakness, fatigue, and cognitive decline, and improperly

---

[2] To the extent Plaintiff frames his summary judgment motion as a challenge to the
ALJ's hypothetical (ECF No. 15, PageID.1508), he is actually challenging only the
RFC determination.   *See Kirchner v. Colvin*, No. 12-CV-15052, 2013 WL
5913972, at *11 (E.D. Mich. Nov. 4, 2013) ("Kirchner's . . . argument is a veiled
attack on the ALJ's underlying RFC finding" because "this is not a scenario where
the ALJ's hypothetical failed to match up to the RFC he ultimately imposed.").

evaluated the opinion of state medical examiner Dr. R. Scott Lazzara.  (ECF No.

15, PageID.2504-1509.)  The Commissioner opposes Plaintiff's motion, arguing

that substantial evidence supports the ALJ's RFC determination.  (ECF No. 17,

PageID.1525-1539.)  For the reasons that follow, I agree with the Commissioner.

### 1.    RFC determination

The Plaintiff bears the burden of proof at Steps 1-4, including proving his

RFC.  *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997)

("[D]uring the first four steps, the claimant has the burden of proof; this burden

shifts to the Commissioner only at Step Five.") (citing *Young v. Sec'y of Health

and Human Servs.*, 925 F.2d 146, 148 (6th Cir. 1990)); *see also Jordan v. Comm'r

of Soc. Sec.*, 548 F.3d 417, 423 (6th Cir. 2008) ("The claimant, however, retains

the burden of proving her lack of residual functional capacity.").  The

Commissioner has the burden of proof only on "the fifth step, proving that there is

work available in the economy that the claimant can perform[.]"  *Her v. Comm'r of

Soc. Sec.*, 203 F.3d 388, 391-92 (6th Cir. 1999).

Plaintiff's RFC is "the most [he] can still do despite the physical and mental

limitations resulting from [his] impairments."  *Poe v. Comm'r of Soc. Sec.*, 342 F.

App'x 149, 155 (6th Cir. 2009); *see also* 20 C.F.R. § 404.1545(a).  The

determination of Plaintiff's RFC is an issue reserved to the Commissioner and

must be supported by substantial evidence.  20 C.F.R. § 404.1527(d)(2).  Pursuant

to Social Security Rule (SSR) 96-8p, the RFC assessment must include:

> [A] narrative discussion describing how the evidence supports each
> conclusion, citing specific medical facts (e.g., laboratory findings) and
> nonmedical evidence (e.g., daily activities, observations).  In
> assessing RFC, the adjudicator must discuss the individual's ability to
> perform sustained work activities in an ordinary work setting on a
> regular and continuing basis (i.e., 8 hours a day, for 5 days a week, or
> an equivalent work schedule), and describe the maximum amount of
> each work-related activity the individual can perform based on the
> evidence available in the case record.  The adjudicator must also
> explain how any material inconsistencies or ambiguities in the
> evidence in the case record were considered and resolved.

SSR 96-8p, 1996 WL 374184, at *7.  "The ALJ need not decide or discuss

uncontested issues, 'the ALJ need only articulate how the evidence in the record

supports the RFC determination, discuss the claimant's ability to perform sustained

work-related activities, and explain the resolution of any inconsistencies in the

record.'"  *Delgado v. Comm'r of Soc. Sec.*, 30 F. App'x 542, 548 (6th Cir. 2002)

(citation omitted).

### 2.   The Court should find no error in the ALJ's assessment of Plaintiff's subjective symptoms

To determine whether a claimant is disabled, an ALJ must consider all of a

claimant's symptoms and the extent to which those symptoms "can reasonably be

accepted as consistent with the objective medical evidence and other evidence."

20 C.F.R. § 404.1529(a), (c); SSR 16-3p, 2017 WL 5180304, at *2.  This involves

a two-step process.  First, the ALJ "must consider whether there is an underlying

8

medically determinable physical or mental impairment(s) that could reasonably be expected to produce an individual's symptoms, such as pain." SSR 16-3p, 2017 WL 5180304, at *3; *see also* 20 C.F.R. § 404.1529. "Second, once an underlying physical or mental impairment(s) that could reasonably be expected to produce an individual's symptoms is established, [the ALJ] evaluate[s] the intensity and persistence of those symptoms to determine the extent to which the symptoms limit an individual's ability to perform work-related activities . . . ." SSR 16-3p, 2017 WL 5180304, at *3.

Here, the ALJ laid out the above standard and followed the two-step process, extensively outlining Plaintiff's subjective statements regarding his symptoms as well as the medical evidence of record, but ultimately determined that Plaintiff's "statements concerning the intensity, persistence and limiting effects of [his] symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained[.]" (ECF No. 11, PageID.68-69.) Further, she stated:

> It is reasonable to find the claimant has limitations in functioning resulting from his impairments, but for the reasons explained herein, such limitations are adequately accommodated by the residual functional capacity.
>
>                          *   *   *
>
> In sum, the above residual functional capacity assessment is supported by some of the claimant's own subjective allegations, his activities of daily living, the routine and conservative treatment, the objective evidence, and the record as a whole. The nature, scope, and findings from his treatment records are not supportive of more restrictive

9

findings than adopted herein.  The claimant's residual functional capacity accounts for his multiple sclerosis and spinal impairment and the pain and difficulty walking they cause him by limiting him to light work.  The postural limitations further accommodate his back pain and dizziness.  The manipulative limitations adequately accommodate his hand tremor.  The environmental limitations adequately accommodate his sensitivity to heat, mildly spastic gait, and fatigue.

(ECF No. 11, PageID.69-71.)

Plaintiff cites to medical records which he asserts document and support his claims of imbalance, residual weakness, and fatigue, including MRIs showing brain lesions, arguing that the RFC assessed does not adequately address the limitations caused by these symptoms.  (ECF No. 15, PageID.1504-1505 (citing ECF No. 11, PageID.579, 581-583, 567, 628-639, 1121-1122).)[3]  But the ALJ acknowledged these reported symptoms and the associated medical records, and simply determined that the objective medical evidence supported the existence of these symptoms, but not limitations beyond those included in the RFC—namely occasional balancing and avoidance of exposure to unprotected heights, and limitation to light work, which requires the ability to lift up to 20 pounds.  *See* 20 C.F.R. § 404.1567(b).  (ECF No. 11, PageID.65-71.)  *See specifically* (ECF No. 11, PageID.71-72.)  And a review of the records she cites in support of her conclusion reveals no error in her analysis of Plaintiff's medical evaluations, nor

[3] *See* ECF No. 11, PageID.67, on which the ALJ recounts the findings of Plaintiff's 2016 and 2018 brain MRIs.

10

does he assert such error.  Indeed, as Defendant highlights (ECF No. 17, PageID.1529-1530), even the March 7, 2019 examination upon which Plaintiff relies to support his argument, which does indicate fatigue and imbalance, also notes normal fluency and comprehension, "a normal casual gait," and strength of 5/5 proximally and distally in all four extremities (ECF No. 11, PageID.579-583.) Accordingly, as substantial evidence supports the ALJ's evaluation of Plaintiff's symptoms of fatigue, imbalance, and residual weakness, it is not within the province of this Court to come to a different conclusion.  *Reynolds v. Comm'r of Soc. Sec.*, 424 F. App'x 411, 414 (6th Cir. 2011); *see also Blakley*, 581 F.3d at 406 ("[I]f substantial evidence supports the ALJ's decision, the Court defers to that finding 'even if there is substantial evidence in the record that would have supported an opposite conclusion.'") (citation omitted).

Moreover, and perhaps more importantly, Plaintiff merely identifies symptoms he believes warrant a different outcome, without identifying any specific associated limitations.  Thus, he has failed to carry his burden of establishing entitlement to a more restrictive RFC on this basis.  *See Jordan*, 548 F.3d at 423 (a "claimant . . . retains the burden of proving [his] lack of residual functional capacity").

### 3.    The Court should find no error in the ALJ's evaluation of Dr. Lazzara's opinions

Plaintiff also argues that the ALJ erred by failing to incorporate into his RFC the symptoms and limitations identified by state agency medical examiner Dr. R. Scott Lazzara.  (ECF No. 15, PageID.1506-1508.)

### a.    Dr. Lazzara's June 2019 consultative examination and opinion

In June 2019, Dr. Lazzara conducted a consultative examination of Plaintiff, finding that Plaintiff had moderate difficulty with heel/toe walking, could climb stairs "w/assist," and had difficulty with orthopedic maneuvers due to balance for which he compensated with a guarded gait.  (ECF No. 11, PageID.591-598.) However, Dr. Lazzara also found that Plaintiff had normal concentration, no edema, and intact grip strength.  (ECF No. 11, PageID.595.)

### b.    Dr. Lazzara's July 2019 consultative examination and opinion

Dr. Lazzara also conducted a consultative examination of Plaintiff in July 2019, in which he found that Plaintiff could occasionally lift and carry up to twenty pounds, could sit, stand and walk for four hours total in an eight-hour workday, did not require the use of a cane to ambulate, and could occasionally climb stairs and ramps.  (ECF No. 11, PageID.850-856.)

Further, Dr. Lazzara stated that Plaintiff had mild difficulty heel and toe walking, but no difficulty getting on and off the examination table and normal range of motion, and that:

The patient's symptoms appear to be relatively mild at this point.  He appears to have relapse and remitting disease.  He states his last flare was in January 2019.  He is on immunomodulating therapy.  He is able to do orthopedic maneuvers and his gait is relatively stable.  He has well preserved range of motion but complains of mild spasticity which is not reproducible today.  At this point his condition is non-remediable but does not appear to be actively declining at this point.

(ECF No. 11, PageID.858, 861.)

### c.      The ALJ found neither opinion persuasive

With regard to Dr. Lazzara's examinations and opinions, the ALJ stated:

The record includes a statement provided by R. Scott Lazzara, M.D., as a result of the July 2019 consultative examination, that the claimant could occasionally lift up to 50 pounds and never more than 50 pounds; he could occasionally carry up to 20 pounds and never more than 20 pounds; he could sit for one hour at a time and four hours total in an eight-hour workday; he could stand for one hour at a time and four hours total in an eight-hour workday; and he could walk for one hour at a time and four hours total in an eight-hour workday.  He could occasionally reach, push, and pull with the bilateral hands; and he could frequently handle, finger, and feel with the bilateral hands.  He could occasionally operate foot controls bilaterally.  He could occasionally climb ramps and stairs; never climb ladders, ropes, or scaffolds; occasionally balance, stoop, kneel, and crouch; and never crawl.  He could never tolerate exposure to unprotected heights or extreme cold; and he could occasionally tolerate exposure to moving mechanical parts, operating a motor vehicle, humidity and wetness, pulmonary irritants, extreme heat, and vibration.  He could tolerate moderate noise levels (16F).  The opinion is unsupported by the doctor's examination findings of full range of motion, stable gait, no spasticity, intact grip, clear breath sounds, and unimpaired dexterity, and with the doctor's finding that the claimant's symptoms were relatively mild.  The opinion is also inconsistent with the record as a whole, including the claimant's subjective allegations of his ability to stand for a couple hours, as reported to Dr. Lavazza [sic], and with the claimant's treatment records, which do not indicate any limitations

13

with respect to reaching, pulmonary irritants, or noise exposure.  For these reasons, the undersigned has not found this persuasive.

The record also includes an opinion provided by Dr. Lazzara as a result of his June 2019 consultative examination that limited the claimant to sedentary work including standing for 2 to 4 hours in an eight-hour day, carrying less than 20 pounds, and climbing stairs with assistance (10F/3).  The undersigned has not found this persuasive.  The opinion is unsupported by examination findings of intact pulses, sensation, and reflexes; intact motor strength; and a guarded but unassisted gait.  Further, the opinion is also inconsistent with the record as a whole, including the Dr. Lavazza's [sic] second opinion provided in July 2019, the opinion of the state agency consultant, and the claimant's treatment records.

(ECF No. 11, PageID.70.)

### d.    Analysis

As Plaintiff filed his DIB and SSI applications after March 27, 2017, the ALJ reviewed the subject medical opinions according to the standards provided in 20 C.F.R. § 404.1520c, which states that, "We will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from your medical sources."  20 C.F.R. § 404.1520c(a).  Instead, an ALJ must evaluate the persuasiveness of the medical opinions submitted, and articulate the findings using the following factors: supportability, consistency, relationship with the claimant, and specialization, with supportability and consistency being the most important.  20 C.F.R. § 404.1520c.

Plaintiff first asserts error with the ALJ's evaluation of Dr. Lazzara's opinions because: "[T]he findings of 'intact pulses, sensation and reflexes' have no

bearing on [his] requirement for standing 2-4 hours in an 8-hour day, or the

requirement that he carry less than 20 pounds.  The finding of a guarded but

unassisted gait as well as [his] limited range of motion on tests tends to support

Lazzara's restriction that [he] only climb stairs with assistance, rather than detract

from it."  (ECF No. 15, PageID.1506-1507.)  Even taking as true Plaintiff's

entirely conclusory assertion that findings of intact pulses, sensation, and reflexes

have no bearing on his abilities to stand or to lift, this argument ignores the ALJ's

additional reasons for discounting Dr. Lazzara's June 2019 opinion, including its

inconsistency with the record as a whole, the opinion of the state agency

consultant, and Dr. Lazzara's own July 2019 opinion, none of which Plaintiff

addresses in any detail.  Indeed, in his July 2019 opinion, Dr. Lazzara omits the

finding that Plaintiff may only climb stairs "w/assist," instead stating that Plaintiff

could occasionally climb stairs and ramps (ECF No. 11, PageID.854), which is

consistent with the ALJ's RFC assessment (ECF No. 11, PageID.65-66).  And

although he opined that Plaintiff could only sit, stand, and walk for four hours in an

eight-hour workday (ECF No. 11, PageID.852), he also found Plaintiff's range of

motion studies "normal," and that Plaintiff walked with a normal gait without the

use of an assistive device (ECF No. 11, PageID.858, 860).  As Plaintiff fails to

address these inconsistencies, which the ALJ appropriately considered under 20

C.F.R. § 404.1520c, the Court should find that Plaintiff has failed to establish error

in the ALJ's evaluation on this basis, or entitlement to a more restrictive RFC. *Jordan*, 548 F.3d at 423.

The same is true with regard to Plaintiff's second allegation of error – that "in discounting Lazzara's restrictions, the ALJ ignore[d] the results from the range of motion tests conducted at the examination, as well as Lazzara's conclusions drawn from the examination ('[Urban] has difficulty with orthopedic maneuvers due to balance and compensates with a guarded gait') (PageID.598)."  (ECF No. 15, PageID.1507.)  But the ALJ explicitly addressed gait in her analysis of Dr. Lazzara's June and July 2019 opinions, as well range of motion in her analysis of the July 2019 opinion (ECF No. 11, PageID.70), and gait and dizziness in his RFC (ECF No. 11, PageID.71) ("The claimant's residual functional capacity accounts for his multiple sclerosis and spinal impairment and the pain and difficulty walking they cause him by limiting him to light work.  The postural limitations further accommodate his pain and dizziness.  The manipulative limitations adequately accommodate his hand tremor.  The environmental limitations adequately accommodate his sensitivity to heat, mildly spastic gait, and fatigue.").  The ALJ obviously disagrees with the ALJ's conclusions regarding the above findings, but again, it is not within the province of this Court to "reconsider facts, re-weigh the evidence, resolve conflicts in evidence, decide questions of credibility, or substitute its judgment for that of the ALJ."  *Reynolds*, 424 F. App'x at 414.

Further, Plaintiff again ignores the inconsistencies between Dr. Lazzara's opinions. Although he concluded in June 2019 that Plaintiff had difficulty with orthopedic maneuvers (ECF No. 11, PageID.591-598), he found the opposite in July (ECF No. 11, PageID.858, 861).

Finally, Plaintiff argues that the ALJ mischaracterized Dr. Lazzara's July 2019 opinion that his condition is non-remediable but did not appear to be actively declining at that point, citing *Wilcox v. Sullivan*, 917 F.2d 272 (6th Cir. 1990).[4] (ECF No. 15, PageID.1507-1508.)  According to Plaintiff, by referencing his activities of daily living (*see* ECF No. 11, PageID.69), the ALJ erroneously relied on activities during periods of remission.  (ECF No. 15, PageID.1507-1508.) However, Plaintiff does not point to record evidence that he performed the activities cited during supposed periods of remission; he simply cites to competing evidence.  (ECF No. 15, PageID.1507-1508.)  But "if substantial evidence supports the ALJ's decision, this Court defers to that finding 'even if there is substantial evidence in the record that would have supported an opposite conclusion.'" *Blakley*, 581 F.3d at 406 (quoting *Key*, 109 F.3d at 273).  Accordingly, the Court should find no error on this basis.

---

[4] Plaintiff mistakenly and repeatedly refers to the case as *Wilson*.

17

**F.      Conclusion**

Plaintiff has the burden of proof on statements of error.  *Walters*, 127 F.3d at

529 ("[D]uring the first four steps, the claimant has the burden of proof; this

burden shifts to the Commissioner only at Step Five.").  Plaintiff has not shown

legal error that would upend the ALJ's decision, and the ALJ's decision is

supported by substantial evidence.  For the foregoing reasons, it is

**RECOMMENDED** that the Court **DENY** Plaintiff's motion for summary

judgment (ECF No. 15), **GRANT** Defendant's motion for summary judgment

(ECF No. 17), and **AFFIRM** the Commissioner of Social Security's decision.

**III.     PROCEDURE ON OBJECTIONS**

The parties to this action may object to and seek review of this Report and

Recommendation, but are required to file any objections within 14 days of service,

as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule

72.1(d).  Failure to file specific objections constitutes a waiver of any further right

of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health &*

*Human Servs.*, 932 F.2d 505 (6th Cir. 1981).  Filing objections that raise some

issues but fail to raise others with specificity will not preserve all the objections a

party might have to this Report and Recommendation.  *Willis v. Sec'y of Health &*

*Hum. Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers*

*Local 231*, 829 F.2d 1370, 1273 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," *etc.*  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d).  The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," *etc.*  If the Court determines that any objections are without merit, it may rule without awaiting the response.

Dated:  January 5, 2022

Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE